[Civ. No. 22163. Second Dist., Div. Three. Nov. 6, 1957.]

Adoption of PENELOPE JEAN McLAUGHLIN et al., Minors. JAMES WESLEY DUNN, JR., Respondent, v. HUGH W. McLAUGHLIN, Appellant.

Smith, Van Dyke & Hildreth for Appellant.

Gerrit Pos for Respondent.

SHINN, P. J.—This is an appeal by Hugh W. McLaughlin, father of a girl aged 7 and a boy aged 6, from an order of adoption in favor of James Wesley Dunn, Jr., the present husband of McLaughlin's divorced wife.

The mother of the children had consented to the adoption and joined in the petition. By the divorce decree she was awarded custody of the children and the father was ordered

to support them. The ground of the petition for adoption, based upon section 224 of the Civil Code, was that the father had wilfully failed and neglected for a period of over one year, immediately prior to September 22, 1955, to pay for the care, support and education of the children as provided in the decree, or otherwise, although able to do so. The father filed objections to the petition in which he denied wilful failure to pay for the care, support and education of the children, when able to do so, and it was further alleged that he did not consent to the adoption.

Section 224 of the Civil Code in relevant part provides: "A legitimate child can not be adopted without the consent of its parents if living; however, after the custody of any child has by any judicial decree, been given to the mother, and the father for a period of one year shall wilfully fail to pay for the care, support and education of such child when able to do so, then the mother alone may consent to such adoption. . . ."

It is apparent from the statements of the court during the trial that the court determined that McLaughlin had failed for a period of a year immediately preceding the filing of the petition, September 22, 1955, to pay anything for the support of the children; that fact was clearly shown by the evidence; by the decree of divorce rendered January 25, 1951, he had been ordered to pay $120 per month; February 16, 1953, the amount was reduced to $90 per month to take effect when he had brought his payments up to date. By the decree he was given the right to visit the children but the order provided that he should have no right of visitation while in arrears in the required payments. At the time of the trial he was in arrears in the amount of some $1,600.

The sole factual question was whether McLaughlin had had the ability to pay for the care, support and education of the children and had wilfully failed to do so. At the commencement of the trial the court stated that this was the sole issue. Thereupon the attorney for McLaughlin interjected as another issue, whether the best interests of the children would be promoted by the proposed adoption, stating that there was a broad issue in addition to the one stated by the court. From that time on confusion reigned during the hearing which was, indeed, broad. The evidence, in major part, related to the father's visiting the children, communicating with them by telephone, letter or post card, disputes as to whether he was in arrears in his payments at various

times, whether he had given the children presents and they had been allowed to accept them, whether the children came home disturbed after visiting with him, the mother's reasons for objecting to the visits and, in general, whether the welfare of the children would be promoted by the proposed adoption. There was no dispute as to the payments that had been made both before and after the order and there was evidence respecting the father's ability to support the children. But this latter issue was confused, if not obscured, by the evidence and the arguments of counsel upon irrelevent matters.

The court filed no findings or conclusions but made a decree of adoption which recited that the father had abandoned the children and that it was in their interests that they be adoption by the petitioner. Not only did the court fail to find that the father had ability to provide for the care, support and education of the children but, when questioned by McLaughlin's attorney, stated that he was not making that finding. During the argument Mr. Gilbert, the attorney for McLaughlin, asked, ''Then do I understand, your Honor, that the finding of this Court is that this man wilfully failed to support his children?'' to which the court replied, ''Not support. I will not go so far as to support, but that he failed to communicate. MR. GILBERT: I think that a necessary part of this is that the man wilfully failed to support his children. That is the issue. THE COURT: That is one of the issues. There is more than one issue. MR. GILBERT: There has to be a finding. THE COURT: He did not have the ability —there is no question about it—to comply with the Court order, because he was not making enough money for that purpose, but he was making enough money to have made, at least, a token payment.''

The question whether McLaughlin had abandoned the children was not in issue. The petition did not allege that he had abandoned them, but only that he had wilfully failed to support them. In addition to that ground for granting adoption without a parent's consent, section 224 of the Civil Code provides another ground, namely, if the parent whose consent to the adoption has not been given has been judicially deprived of the custody and control of the child by order of the juvenile court, declaring such child to be free from the custody and control of such parent as provided in the Welfare and Institutions Code. Chapter 2 of that code contains the Juvenile Court Law, of which section 701 is a part. That section sets forth the conditions in which it may be judicially

declared that a child has been abandoned by its parents or either of them. Section 775 provides that jurisdiction in a juvenile court proceeding for the purpose of obtaining a judicial declaration that a child has been abandoned is invoked by the filing of a petition. This is followed by a citation and a hearing and in proper cases by a written order depriving the parent or parents of custody and control. There had been no such proceedings. It may also be noted that the particular situation here involved, namely, where the mother has been awarded custody of the child, is governed by section 224 of the Civil Code and not by section 701 of the Juvenile Court Law. The latter does not provide that a child may be declared to have been abandoned by its father if for the period of a year or otherwise he wilfully fails to provide for the care, support and education of a child whose custody has been awarded to the mother. It is unnecessary to discuss the matter further. The evidence should have been confined to the sole question whether McLaughlin had wilfully failed for a period of a year to provide for the children when able to do so. If that issue was determined at all it was not determined in favor of the petitioner. The decree is not supported by the finding that the children had been abandoned by their father.

The decree of adoption is reversed; neither party to recover costs of appeal.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 2, 1957, and respondent's petition for a hearing by the Supreme Court was denied December 30, 1957. Schauer, J., was of the opinion that the petition should be granted.